03/04/2020 WED 9:30  FAX 8702611723 St Francis Circuit Court                                           ☒008/012

**FILED**

**FEB 18 2020**

TIME _____
BETTE B. GREEN, CLERK
ST. FRANCIS COUNTY

## IN THE CIRCUIT COURT OF ST. FRANCIS COUNTY, ARKANSAS
## CIVIL DIVISION

JAMES TRACY                                                                                    PLAINTIFF

VS.                             62CV-20-35-3

GILLETTE DRONE; AND,
BOAR'S HEAD PROVISIONS CO. INC.                                        DEFENDANTS

### COMPLAINT

Comes the Plaintiff, JAMES TRACY, by and through counsel, SUTTER & GILLHAM, P.L.L.C.; and, for this Complaint, he states:

### PARTIES AND JURISDICTION

1. Plaintiff is a resident and citizen of St. Francis County, who brings this action for violation of the Arkansas Civil Rights Act of 1993 and defamation. Separate Defendant, Gillette Drone, (hereinafter "Drone"), is a resident and citizen of St. Francis County, Arkansas, who works for Separate Defendant, Boar's Head Provisions Co., Inc., (hereinafter "Boar's Head"), a company with its principal place of business located in St. Francis County, Arkansas. This Court has personal and subject matter jurisdiction over this action. Since the acts giving rise to this action arose in St. Francis County, Arkansas, venue is proper.

### GENERAL ALLEGATIONS AND FACTS

2. Plaintiff worked as a supervisor for Separate Defendant, Boar's Head Provisions Co., Inc. He is Caucasian.

3. At all times relevant hereto, Plaintiff performed his job satisfactorily. Indeed, his managers regularly told him that he was being considered for promotion because he did such a good job.

1   EXHIBIT A

4. In the weeks before he was fired, Plaintiff, a white male, attempted to discipline a black male for insubordination.

5. Plaintiff had regularly written up Caucasians for doing even less serious offenses than that of the black male, in the past, and he had been backed by management. These individuals were under the same supervisor, and subject to the same policies. They had had a bad attitude and mouthed off, but ultimately talked to plaintiff and did what he told them to do, so while they were insubordinate, they were not severely so.

6. In this instance, however, the black male had had numerous complaints about his attitude and making the environment miserable for other workers. He had been brought in and warned multiple times by plaintiff. He cursed at plaintiff and refused to meet with him. Yet, Gillette Drone, a black HR Manager, demanded that Plaintiff rescind his disciplinary against the black male. Plaintiff refused.

7. In fact, the black male was insubordinate. Plaintiff requested that the black male discuss with him, the black male's job performance and his failure to cover electrical boxes. The black male began using profanity and telling the Plaintiff he would not discuss this situation because the black male said he was busy.

8. In the past, Plaintiff had disciplined white males for even less serious offenses. So, in order to treat everyone equally, wrote the black male up for insubordination.

9. Then, Separate Defendant, Gillette Drone, demanded that Plaintiff rescind the disciplinary action; but, Plaintiff refused, believing, in good faith, that that would be discriminatory.

10. In fact, Plaintiff expressed his belief that the core value of the company was equal treatment, and this would violate that tenet. Obviously, equal treatment is the central premise for anti-discrimination laws; and, therefore, a protected activity, as is determined by the Arkansas Civil Rights Act of 1993.

11. Immediately after Plaintiff engaged in this protected activity, Separate Defendant, Gillette Drone began defaming Plaintiff to members of management, plant personnel, and the community in general.

12. Eventually, Ms. Drone fabricated evidence that Plaintiff had engaged in a violation of Federal law.

13. In fact, the conduct which Ms. Drone alleged Plaintiff engaged in was a felony since it would create an unsafe environment. So, Ms. Drone, without probable cause and without any factual foundation, at all, alleged that she had statements from other individuals that demonstrated that Plaintiff had engaged in unsafe conduct sufficient to be a crime under State and Federal law.

14. Ms. Drone made this statement within the one (1) year preceding the filing of this lawsuit.

15. Indeed, in March, 2019, Plaintiff was fired under circumstances similarly situated black males were not, as well as under circumstances surrounding individuals who had not engaged in protected activity or not.

## COUNT I

16. Plaintiff realleges the foregoing as if more fully set out herein.

17. Plaintiff is a white male who has been terminated under circumstances similarly situated black males were not.

18. Accordingly, the Arkansas Civil Rights Act prohibits discrimination based on race, within this work force. Plaintiff is a minority. Therefore, the majority, through Separate Defendant, Gillette Drone, has discriminated against Plaintiff on the basis of his race and has retaliated against Plaintiff for engaging in protected activity in demanding equal treatment.

19. As a direct and proximate cause of Defendants' acts and omissions as alleged herein, Plaintiff has suffered severe mental and emotional distress, lost wages, lost retirement, incurred medical bills, as well has incurring other damages in an amount to be proven at trial.

20. At all times relevant, Separate Defendant, Boar's Head, employed more than 300 people in the State of Arkansas, such that the corporate defendant should be subjected to punitive damages.

## COUNT II

21. Plaintiff realleges the foregoing as if more fully set out herein against Separate Defendant, Gillette Drone and the Separate Defendant, Boar's Head.

22. At all times relevant, Separate Defendant, Gillette Drone, was an employee of Boar's Head, acting within the scope of her actual, or apparent, authority.

23. During the course of her employment with Separate Defendant, Boar's Head, Ms. Drone accused Plaintiff of committing a crime to employees within the plant, and members of the community, within one (1) year of filing this Complaint.

24. As a result of Ms. Drone's false accusations, Plaintiff has lost reputation in the community, as well as experienced severe mental and emotional distress.

25. As a direct and proximate cause of acts and omissions as alleged herein, Plaintiff has also lost business opportunities. Defendants' actions have been so egregious so as to warrant punitive damages.

## JURY DEMAND

26. Plaintiff requests a trial by jury.

**WHEREFORE**, Plaintiff, **JAMES TRACY**, prays for appropriate compensatory and punitive damages exceeding $75,000; for reinstatement; for front pay; for attorneys' fees and costs; for declaratory judgment that Defendants have violated the law; for a trial by jury; and, for all other proper relief.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501/315-1910 Office
501/315-1916 Facsimile
Attorneys for the Plaintiff

By: /s/ Luther Oneal Sutter
Luther Oneal Sutter, Esq., ARBN 95-031
luther.sutterlaw@gmail.com