## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**JAMES TRACY**                                                                                    **PLAINTIFF**

**v.**                                    **Case No. 2:20-cv-00205-LPR**

**BOAR'S HEAD PROVISIONS CO., INC.**                                              **DEFENDANT**

### ORDER

Before the Court is James Tracy's Motion for Remand.[1] For the reasons stated below, the Court grants the Motion.

### Background

In March 2019, James Tracy worked as a supervisor for Boar's Head,[2] a Delaware corporation with its principal place of business in Sarasota, Florida.[3] The instant case stems from incidents that allegedly occurred in response to Mr. Tracy attempting to discipline an employee for insubordination.[4]

Gillette Drone, who worked as a Boar's Head human resources manager,[5] allegedly demanded that Mr. Tracy rescind the disciplinary action.[6] Mr. Tracy refused.[7] Immediately after Mr. Tracy refused to rescind the disciplinary action, Ms. Drone allegedly began defaming Mr. Tracy to Boar's Head management, plant personnel, and the community.[8] Ms. Drone allegedly

---

[1] Pl.'s Mot. for Remand (Doc. 9).

[2] Pl.'s Compl. (Doc. 2) ¶ 2.

[3] Def.'s Notice of Removal (Doc. 1) ¶ 5.

[4] Pl.'s Compl. (Doc. 2) ¶ 7.

[5] *Id.* ¶ 6.

[6] *Id.* ¶ 9.

[7] *Id.*

[8] *Id.* ¶ 11.

fabricated evidence that Mr. Tracy had violated federal law, including saying she had statements from other individuals that would establish that Mr. Tracy had committed state and federal crimes.[9] Several weeks later, Boar's Head terminated Mr. Tracy.[10]

On February 18, 2020, Mr. Tracy sued Boar's Head and Ms. Drone in the Circuit Court of St. Francis County, Arkansas.[11] The Complaint alleged violations of the Arkansas Civil Rights Act ("ACRA") against Boar's Head and defamation against Boar's Head and Ms. Drone.[12] Specifically, Mr. Tracy's first count alleged that Boar's Head violated the ACRA by firing Mr. Tracy, a Caucasian male in a majority-black workforce, under circumstances where similarly situated black males were not fired.[13] Mr. Tracy's second count alleged that Ms. Drone and Boar's Head defamed Mr. Tracy, causing damage to his reputation in the community, severe mental and emotional distress, and lost business opportunities.[14] Boar's Head filed its Answer to Plaintiff's Complaint on April 8, 2020.[15]

On April 16, 2020, Ms. Drone filed a Motion to Dismiss under Arkansas Rule of Civil Procedure 12(b)(6).[16] On June 1, 2020, the state court granted the Motion because Mr. Tracy had not responded to it.[17] However, it turns out that Mr. Tracy's counsel never received a copy of Ms. Drone's Motion because Ms. Drone's counsel faxed a filed copy of the Motion to an email address

---

[9] *Id.* ¶¶ 12-13.

[10] *Id.* ¶ 4.

[11] *Id.* at 1.

[12] *Id.* at 3-4.

[13] *Id.* ¶ 17.

[14] *Id.* ¶¶ 21-25.

[15] Def.'s Answer to Pl.'s Compl. (Doc. 3).

[16] Ex. A (Drone's First Mot. to Dismiss) to Notice of Removal (Doc. 1) ¶ 2.

[17] Order Granting Drone's First Mot. to Dismiss (Doc. 4).

that did not belong to Mr. Tracy's counsel.[18]  Consequently, Mr. Tracy filed a Motion to Vacate on June 4, 2020.[19]  Ms. Drone did not contest the Motion to Vacate.[20]  The Motion was granted.[21]

In June 2020, Mr. Tracy filed an Amended Complaint.[22]  In the Amended Complaint, Mr. Tracy specified that the ACRA claim (the first count) only applied to Boar's Head.[23]  With respect to the second count, Mr. Tracy added a conspiracy claim to the defamation claim against Boar's Head and Ms. Drone, alleging that the two defendants acted in concert and conspired "to discredit Plaintiff in order to avoid liability under the law."[24]  Mr. Tracy also added allegations respecting reputational harm.[25]  Specifically, Mr. Tracy stated that Bruce Murray questioned Mr. Tracy and others about Mr. Tracy's termination by asking whether Mr. Tracy had committed any crimes.[26]

On July 2, 2020, Ms. Drone filed a Second Motion to Dismiss.[27]  On the same day, Boar's Head filed a Partial Motion to Dismiss the civil conspiracy and defamation claims made against it in the Amended Complaint.[28]  On October 8, 2020, the state court held a hearing to consider Defendants' Motions.[29]  At the hearing, the state court verbally announced that it was dismissing the defamation and civil conspiracy claims against both Defendants.[30]  After this ruling, only Mr.

---

[18] Ex. A (Pl.'s Mot. to Vacate) to Notice of Removal (Doc. 1) ¶¶ 1-3.

[19] *Id.* ¶ 9.

[20] Ex. A (Drone's Resp. to Pl.'s Mot. to Vacate) to Notice of Removal (Doc. 1).

[21] Order Granting Mot. to Vacate and Mot. to Dismiss (Doc. 7).

[22] Pl.'s Am. Compl. (Doc. 5).

[23] *Id.* ¶ 16.

[24] *Id.* ¶ 21.

[25] *Id.* ¶ 24.

[26] *Id.*

[27] Ex. A (Drone's Second Mot. to Dismiss) to Notice of Removal (Doc. 1).

[28] Ex. A (Def.'s Partial Mot. to Dismiss) to Notice of Removal (Doc. 1).

[29] Ex. A (Order Scheduling Hr.) to Notice of Removal (Doc. 1).

[30] October 8, 2020 Hr'g Tr. at 24-25.

Tracy's ACRA claim against Boar's Head remained live; Ms. Drone was dismissed from the case. The state court issued a written order to that effect on October 14, 2020.[31]

On October 22, 2020, Boar's Head removed the case to this Court.[32]  Boar's Head contended that (1) complete diversity now existed between the parties and (2) removal was timely "because it [wa]s filed within thirty (30) days after Boar's Head" learned of the state court's Order.[33]  Mr. Tracy filed a Motion for Remand on November 24, 2020, 33 days after Boar's Head filed its Notice of Removal.[34]  He argued that the Court lacks subject matter jurisdiction in this case.[35]  The jurisdictional argument essentially boils down to one point: "[i]n the case of a removed action, diversity of citizenship must exist both when the state [complaint] is filed and when the petition for removal is filed."[36]

## Discussion

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[37]  Ordinarily, a removing party must file a notice of removal

---

[31] Order Granting Mot. to Vacate and Mot. to Dismiss (Doc. 7).  Between the time the state court issued its bench ruling and written order, Mr. Tracy filed a Notice of Appeal of the state court's October 8th oral ruling.  Def.'s Resp. to Pl.'s Mot. for Remand (Doc. 11) ¶ 4.  The effect of that Notice of Appeal is unclear, since it was filed before the Dismissal Order was reduced to writing.  In any event, that appeal is not relevant to the remand issue the Court decides today.

[32] Def.'s Notice of Removal (Doc. 1).

[33] *Id.* ¶¶ 4-7.

[34] Pl.'s Mot. for Remand (Doc. 9).

[35] Pl.'s Br. in Supp. of Mot. for Remand (Doc. 10) at 1.

[36] *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011) (quoting *Ryan ex. Rel. Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (cleaned up)).

[37] 28 U.S.C. § 1441(a).

within 30 days of receiving the complaint.[38] 28 U.S.C. § 1446(b)(3) provides, in pertinent part, that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Boar's Head's removal petition noted that the case became "removable pursuant to 28 U.S.C. § 1446(b) upon Drone's dismissal on October 14, 2020," which created complete diversity between the remaining parties.[39] That point simply speaks to the timing of removal. It does not speak directly to subject matter jurisdiction. As a general matter in the Eighth Circuit, for this Court to have diversity jurisdiction, there must have been complete diversity at the time the action commenced and complete diversity at the time of removal.[40] This is known as the "time-of-filing rule," and it is jurisdictional.[41] The Complaint and Amended Complaint named Ms. Drone as a defendant.[42] Ms. Drone and Mr. Tracy are Arkansas citizens. So, according to Mr. Tracy, complete diversity did not exist at the time of filing.

Between them, the parties reference two potential caveats to the time-of-filing rule.[43] Neither caveat applies. The first caveat to the time-of-filing rule is often called the voluntary-involuntary dismissal doctrine. When a plaintiff voluntarily dismisses a "diversity-destroying defendant, a defendant may then be able to remove the case."[44] But removal is not proper if a

---

[38] 28 U.S.C. § 1446(b)(1).

[39] Def.'s Notice of Removal (Doc. 1) ¶ 7.

[40] *Knudson*, 634 F.3d at 975.

[41] *Id.*

[42] Pl.'s Am. Compl. (Doc. 5) ¶ 1.

[43] Pl.'s Suppl. Br. in Supp. of Pl.'s Mot. for Remand (Doc. 14) at 5; Def.'s Br. in Supp. of Def.'s Resp. to Pl.'s Mot. for Remand (Doc. 12) at 4-9.

[44] *Knudson*, 634 F.3d at 975.

diversity-destroying defendant's dismissal is involuntary with respect to the plaintiff.[45] The Eighth Circuit has held that dismissal is involuntary "[w]hen the diversity-destroying defendant initiates its own dismissal, and when the court's order is against the will of the plaintiff."[46] Ms. Drone moved for dismissal, and Mr. Tracy opposed dismissal. Indeed, Mr. Tracy appealed the state court's dismissal Order. In short, the dismissal here was involuntary and therefore does not override the time-of-filing rule.

There is a second caveat to the time-of-filing rule. It's called the fraudulent joinder doctrine. The Eighth Circuit has explained that a plaintiff cannot defeat diversity jurisdiction "by fraudulently joining a defendant who has 'no real connection with the controversy.'"[47] Thus, a defendant can remove a case without running afoul of the time-of-filing rule if that defendant can show that a non-diverse defendant was fraudulently joined.[48] For the reasons explained below, however, the Court concludes that the naming of Ms. Drone as a defendant in this action did not constitute fraudulent joinder.

In *Filla v. Norfolk Southern Railway Company*, the Eighth Circuit explained that "joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against" a diversity-destroying defendant.[49] This rule is easier to state than it is to apply.[50] Still, the Eighth Circuit has provided some helpful guideposts.

---

[45] *In re Iowa Mfg. Co. of Cedar Rapids, Iowa*, 747 F.2d 462, 463 (8th Cir. 1984).

[46] *Knudson*, 634 F.3d at 976.

[47] *Id.* (quoting *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)).

[48] *Id.*

[49] 336 F.3d 806, 810 (8th Cir. 2003) (quoting *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)).

[50] *Id.* at 809 ("While fraudulent joinder—the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal—is rather easily defined, it is much more difficulty applied.").

For example, the Eighth Circuit says that that the Federal Rule of Civil Procedure 12(b)(6) standard and the fraudulent joinder standard are different, "with Rule 12(b)(6) being more demanding."[51]

> Under the *Filla* standard "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In contrast, to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[52]

The Eighth Circuit has juxtaposed two situations: (1) where "'it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant'"[53] and (2) where "there is a 'colorable' cause of action—that is, [where] the state law *might* impose liability on the resident defendant under the facts alleged."[54]  The former situation constitutes fraudulent joinder; the latter does not.[55]  And the Eighth Circuit appears to define "colorable" as "describ[ing] an alleged cause of action that is reasonable, but speculative."[56]  All this leads to the conclusion that the fraudulent joinder trigger lies somewhere between the Rule 12(b)(6) standard and the Rule 11 standard—probably closer to the Rule 11 standard.[57]

Two further points are worth noting before jumping into the analysis of the claims brought against Ms. Drone.  First, Boar's Head, as the removing party, bears the burden of establishing that Mr. Tracy fraudulently joined Ms. Drone.[58]  Second, "[a]ll doubts about federal jurisdiction

---

[51] *Junk v. Terminix Intern. Co.*, 628 F.3d 439, 445 (2010).

[52] *Junk*, 628 F.3d at 445 (internal citations omitted).

[53] *Filla*, 336 F.3d at 810 (quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).

[54] *Id.*

[55] *Id.*

[56] *Id.* at 810 n.10.

[57] *See* FED. R. CIV. P. 11(b)(2) (requiring "the claims" to be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law").

[58] *See In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) ("The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence.").

should be resolved in favor of remand to state court."[59] That's why the Eighth Circuit directs remand if there is even "'arguably a reasonable basis for predicting that the state law might impose liability . . . .'"[60] It's also why the Eighth Circuit dictates that, "[i]n making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor."[61]

In the Amended Complaint, Mr. Tracy alleged one count of defamation against Ms. Drone, and made a civil conspiracy claim against Ms. Drone and Boar's Head.[62] So long as one of those claims had a colorable basis, there's no fraudulent joinder.

Boar's Head is correct that Mr. Tracy's civil conspiracy claim had no reasonable basis in law and fact. Boar's Head and Ms. Drone are legally incapable of conspiring with one another.[63] The Arkansas Supreme Court has held that "a civil conspiracy is not legally possible when a corporation and its alleged coconspirators . . . stand in . . . [an] employer-employee relationship."[64] Mr. Tracy never alleged any facts establishing that Ms. Drone acted outside of her capacity as a Boar's Head employee. In fact, Mr. Tracy specifically alleged that, "at all times relevant," Ms. Drone was a Boar's Head employee "acting within the scope of her actual, or apparent, authority."[65]

---

[59] *Id.*

[60] *Knudson*, 634 F.3d at 980 (quoting *Filla*, 336 F.3d at 811).

[61] *Filla*, 336 F.3d at 811.

[62] Pl.'s Am. Compl. (Doc. 5) ¶¶ 21-25.

[63] Def.'s Resp. to Pl.'s Mot. for Remand (Doc. 11) ¶¶ 16-17.

[64] *Dodson v. Allstate Ins. Co.*, 345 Ark. 430, 445, 47 S.W.3d 866, 876 (2001). *See id.* ("Corporate agents may not be held liable for civil conspiracy in the absence of evidence showing that they were acting for their own personal benefit rather than for the benefit of the corporation.").

[65] Pl.'s Am. Compl. (Doc. 5) ¶ 22.

The simple defamation claim is less clear cut.  To prevail on a defamation claim under Arkansas law, a plaintiff must prove: "(1) the defamatory nature of the statement of fact; (2) that statement's identification of or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's falsity; and (6) damages."[66]  Mr. Tracy's defamation allegations were as follows:

- "Gillette Drone began defaming [Mr. Tracy] to members of management, plant personnel, and the community in general."

- "Ms. Drone fabricated evidence that [Mr. Tracy] had engaged in a violation of Federal law."

- "Ms. Drone, without probable cause and without any factual foundation, at all, alleged that she had statements from other individuals that demonstrated that [Mr. Tracy] had engaged in unsafe conduct sufficient to be a crime under State and Federal law."

- "Ms. Drone accused [Mr. Tracy] of committing a crime to employees within the plant, and members of the community."

- "As a result of Ms. Drone's false accusations, [Mr. Tracy] has lost reputation in the community, as well as experienced severe mental and emotional distress."

- "As an example, Bruce Murray has approached [Mr. Tracy], as well as others, and questioned [Mr. Tracy] about his termination, as well as others in the community.  Mr. Murray heard about the statements and initially questioned whether [Mr. Tracy] was a crook."

- "As a direct and proximate cause of acts and omissions as alleged herein, [Mr. Tracy] has also lost business opportunities."[67]

This doesn't strike the Court as a particularly well-pled cause of action, and the Court more than understands why the state court dismissed it.  But none of that matters.  The only relevant question

---

[66] *Dodson*, 345 Ark. at 444.

[67] Pl.'s Am. Compl. (Doc. 5) ¶¶ 11-13, 23-25.

is whether the claim had *any* reasonable basis in law and fact—i.e., was it colorable or, perhaps said better, was it "reasonable, but speculative."[68]

Resolving all doubts in favor of remand, the Court concludes that Mr. Tracy (just barely) stated a colorable cause of action for defamation against Ms. Drone. Black letter law and a long pedigree of Arkansas Supreme Court precedents note that false statements about a person engaging in criminal activity are defamatory in nature.[69] Mr. Tracy claimed that Ms. Drone fabricated evidence that he violated federal law and falsely accused him of committing a crime to Boar's Head employees and members of the community, in order to destroy his reputation and ability to earn a living.[70] Mr. Tracy alleged that Mr. Murray heard statements that Ms. Drone made about Mr. Tracy and questioned "whether [Mr. Tracy] was a crook."[71] If true, this shows that Ms. Drone intentionally published false statements referring to Mr. Tracy. It can also be inferred from Mr. Tracy's allegations that Mr. Murray's estimation of Mr. Tracy's reputation suffered because of Ms. Drone's statements. As a direct result of Ms. Drone's statements, Mr. Tracy alleged that he experienced severe mental and emotional distress, lost reputation in the community, and lost business opportunities.[72] All of that adds up to a minimally colorable claim for defamation, even if it is highly speculative and easily susceptible to a 12(b)(6) motion.

---

[68] *Filla*, 336 F.3d at 810 n.10.

[69] *See United Ins. Co. of Am. v. Murphy*, 331 Ark. 364, 961 S.W.2d 752 (1998) (overruling cases establishing defamation per se, but acknowledging that false statements of criminal activity can give rise to a defamation claim); *see also Dean v. Black & White Stores*, 186 Ark. 667, 55 S.W.2d 500, 501 (1932) ("Where the words, together with the attendant circumstances, are alleged to charge a crime, they are actionable [for defamation]."); *Bland v. Verser*, 299 Ark. 490, 492, 774 S.W.2d 124, 125 (1989) (citing *Dean*, 186 Ark. 667, 55 S.W.2d 500) (finding that a reasonable inference of defamation could be made from the defendant's allegation that the plaintiff had colluded to steal a check).

[70] Pl.'s Am. Compl. (Doc. 5) ¶¶ 11-13, 23.

[71] *Id.* ¶ 24.

[72] *Id.* ¶¶ 24-25.

Boar's Head's arguments to the contrary focus on the sufficiency of Mr. Tracy's Amended Complaint and not on whether the Amended Complaint presented a colorable (even if speculative) cause of action. Boar's Head's fundamental argument is that the defamation allegations in Mr. Tracy's Amended Complaint were conclusory because Mr. Tracy "does not provide the purported defamatory 'statement of fact.'"[73] Boar's Head also contends that Mr. Tracy's "conclusory assertions of 'reputational harm' are plainly insufficient" because Mr. Tracy did not demonstrate actual reputational damage.[74] While all of that may be true, and while that may have justified the state court's dismissal Order, it doesn't render the original claim so unreasonable as to be considered non-colorable. However unartfully pled, the claims against Ms. Drone did not constitute fraudulent joinder.[75]

Because the fraudulent joinder caveat does not apply and the voluntary dismissal caveat does not apply, the time-of-filing rule precludes diversity jurisdiction in this case. Accordingly, the Court grants Mr. Tracy's Motion for Remand.

---

[73] Def.'s Br. in Supp. of Resp. to Pl.'s Mot. for Remand (Doc. 12) at 6.

[74] *Id.* at 7.

[75] *See Knudson*, 634 F.3d at 980 (holding that, in analyzing fraudulent joinder, courts "do not focus on the artfulness of the plaintiff's pleadings").

## Conclusion

For the foregoing reasons, Mr. Tracy's Motion for Remand is GRANTED.[76] The Clerk of the Court is directed to immediately transfer this case to the Circuit Court of St. Francis County, Arkansas. The Clerk is then directed to close this case.

IT IS SO ORDERED this 5th day of August 2021.

_____
LEE P. RUDOFKSY
UNITED STATES DISTRICT JUDGE

---

[76] Pl.'s Mot. for Remand (Doc. 9).